RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone: (516) 357-3000
Facsimile: (516) 357-3333
Matthew V. Spero, Esq.
Tamika Hardy, Esq.

*Attorneys for HSC MANAGEMENT CORP.,
DAVID PEREZ, 167 WEST 133RD STREET HDFC,
and RICARDO GRANT*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

167 West 133rd Street Housing Development
Fund Corp.,

                Debtor.
-----------------------------------------------------------------x

Hearing Date: Aug. 30, 2018, 10:00 AM

Chapter 11

Case No. 18-12043-jlg

**REPLY TO DECLARATION OF JUDITH SMITH IN
OPPOSITION TO MOTION TO DISMISS
<u>CHAPTER 11 CASE</u>**

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:

      Rivkin Radler LLP, counsel to HSC Management Corp. ("HSC"), David Perez ("Mr. Perez"), 167 West 133rd Street, HDFC ("167 West") and Ricardo Grant ("Mr. Grant") (collectively, the "Movants"), as and for the Movants' Reply to the Declarations of Andrew Citron, Esq. and Judith Smith ("Ms. Smith") in opposition (the "Opposition") to the Movants' motion (the "Motion") for an order dismissing the Debtor's Chapter 11 case pursuant to 28 U.S.C. §1112(b) and §105, respectfully states as follows:[1]

---
[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

1

## ARGUMENT

1. The Motion sets forth the reasons why the Court should dismiss this Chapter 11 case as an unauthorized bad faith bankruptcy filing, including because:

   (i) this is an impermissible *pro se* corporate Chapter 11 filing;

   (ii) Ms. Smith filed this bankruptcy case in violation of, and to collaterally attack, a June 14, 2018 preliminary injunction issued by the Supreme Court of the State of New York, New York County (Hon. Nancy M. Bannon);

   (iii) Ms. Smith did not have the authority to sign the Petition or file this case because she is not a board member or officer of the Debtor;

   (iv) the bankruptcy filing violates the provisions of the By-Laws of the Debtor;

   (v) Ms. Smith is using this bankruptcy filing and this Court to advance her own personal agenda and obtain a tactical advantage in a two party dispute pending in the State Court between her and the Board; and

   (vi) The Debtor has failed to file its petition schedules by July 16, 2018, as required by the Court (see ECF docket entry on July 3, 2018).

2. Those arguments will not be reiterated here, and the Movants respectfully direct the Court's attention to the Motion for a more fulsome discussion on each of those points.

3. The Opposition is yet another example of Ms. Smith's blame-shifting and obstructive tactics.

4. Specifically, Ms. Smith already attempted to argue in the State Court that she did not resign from the Board and, instead, that HSC, Grant and Perez were trying to wrongfully remove her from the Board. She also previously asked the State Court to determine her status on the Board.

5. In response, the State Court ultimately entered a temporary restraining order ("TRO") on September 14, 2017, temporarily restraining and enjoining Mr. David Smith and Ms. Smith from:

(a) transferring, marketing, encumbering, selling or disposing of and/or entering any Contract of Sale for the Building; and

(b) interfering in the management of the Building, which includes but is not limited to changing the locks on apartments (other than the Smiths'), directing tenants not to pay rent to HSC, threatening or purporting to terminate the Building's employees or vendors such as the Building's superintendent and management company.

See Motion at Ex. "A.".

6. On June 14, 2018, the State Court issued a Decision and Order (the "State Court Order") containing a preliminary injunction (the "Injunction") restraining and enjoining Mr. Smith and Ms. Smith from:

(a) transferring, marketing, encumbering, selling or disposing of, and/or entering any contract of sale for the premises located at, 167 West 133rd Street, New York, New York,

(b) interfering in the management of those premises, including but not limited to changing the locks on apartments therein other than their own, directing tenants and tenant shareholders not to pay rent or maintenance to H.S.C. Management Corp., and threatening or purporting to terminate the employment of employees hired by 167 W. 133rd St. HDFC or vendors such as the superintendent H.S.C. Management Corp., and

(c) interfering with the Movants' efforts and attempts to market and sell shares in 167 W. 133rd St. HDFC referable to vacant apartments at the premises.

See Motion at Ex. "B."

7. The Injunction remains in effect.

8. Apparently dissatisfied with the State Court's decision, Ms. Smith sought to re-litigate these issues by filing this Chapter 11 case just over two weeks after the State Court issued the State Court Order and Injunction.

9. Ms. Smith now claims that the Debtor's Board has terminated "management's contract" (Opposition at ¶15), even though: a) she offers not one scintilla of proof, b) the President of the Debtor's Board of Directors[2] and its Property Manager both submitted affidavits with this Court entirely to the contrary[3], and c) Ms. Smith resigned her position on the Board and was in any event removed from it for failing to remain current on her monthly maintenance. See Motion e.g. ¶¶10, 30-31.

10. On this last point, Ms. Smith stubbornly continues to claim that she did not resign and was not removed from the Board (opposition ¶1, ¶19),[4] even though the State Court Order at page 5 found: "As shown in the correspondence from Judith Smith, she resigned her position as Secretary of the Board on February 4, 2016".[5]

11. As to her removal from the Board for failing to pay maintenance, she argues that she can simply decide to withhold her maintenance "due to my disputes with management", notwithstanding the clear language of the Bylaws that automatically terminates the term of any Director who becomes more than two months behind in payment of maintenance charges (see Motion ¶31). Further, while Ms. Smith may attempt to declare that this "is not a basis for removal from the board" (Opposition ¶28), the State Court has already found that it had been "established that, even if Judith Smith did not formally resign, as she contends in the complaint,

---

[2] Whom she disrespectfully refers to as "non-functioning" at ¶28 of the Opposition.
[3] Clearly, the State Court must have found them sufficiently credible so as to grant the Injunction based on their affidavits filed in the State Court in support of the Motion for the Injunction.
[4] She also disingenuously claims at ¶26 that her resignation was contained in an email "purportedly from me" and was "not intended to be…a resignation."
[5] While the State Court noted that Smith had resigned, it held off on making a final determination. See State Court Order at page 7.

she had already forfeited her position as secretary and member of the HDFC's board as of June 19, 2017 […]", and that the Movants demonstrated "that they are likely to succeed […] on their defense to the plaintiffs' claim that Judith Smith is the secretary of the board." But Ms. Smith disagrees with that contention, so she attempts to simply reargue it to this Court in the Opposition.

12. Ms. Smith next attacks the State Court's findings at ¶30 of her Opposition, where she states: "The state court's grant of a preliminary injunction should carry little weight in this Court, as it is largely if not exclusively based on the fact that I did not oppose the application." So, according to Ms. Smith, any Order that is not entered at the end of a case is entitled to no more than "little weight", and Ms. Smith may simply choose to not oppose the Injunction in the State Court (where she herself commenced the action), only to later violate it and attack it in this Court. Obviously, the Order of the State Court is entitled to the same respect and deference as any other Order. Though it should be clear that Ms. Smith did not oppose the Injunction in the State Court when she had the opportunity because she had no defense to it, instead she dismissively states that "I do not set forth the reasons why opposition was not filed here."

13. Ms. Smith also attempts to argue that after she filed this bankruptcy case on behalf of the Debtor, it was "management" that failed to provide the information necessary to prepare schedules and provide information to the U.S. Trustee's Office (Opposition ¶18), even though Ms. Smith had absolutely no authority to file this case in the first instance (see Motion, ¶¶25-34). These are far from "technical arguments" (Opposition at ¶23), but rather they require that this case be dismissed since the only party that signed the petition and the purported board resolution is a non-officer and non-board member who did so in clear violation of the State Court's Injunction.

14. The Debtor's building is now a party to an *in rem* foreclosure proceeding, wherein New York City is seeking to foreclose on its tax lien and outstanding water charges.[6] However, prospective unit purchasers' banks will not and cannot lend on a unit in a building that is in bankruptcy. See Declaration of David Perez sworn to on August 27, 2018 at ¶9. The only way that the Debtor can redeem the property at this point is if the bankruptcy case is dismissed, the State Court Order and Injunction are given full faith and credit, and the Debtor can sell the units free from Ms. Smith's continued interference. The tax lien and water charges could be paid off if the building were permitted to sell the vacant units.

15. Ms. Smith has simply not articulated any credible basis upon which she should be allowed to continue with this improper bankruptcy filing, purportedly on behalf of the Debtor.

WHEREFORE, the Movants respectfully request entry of an order dismissing the case pursuant to 11 U.S.C. §1112(b) and §105, and for such other and further relief as the Court may deem just and proper.

Dated: Uniondale, New York
       August 27, 2018

                          RIVKIN RADLER LLP
                          *Attorneys for the Movants*

                By:  /s/ Matthew V. Spero
                      Matthew V. Spero
                      Tamika Hardy
                      926 RXR Plaza
                      Uniondale, New York 11556-0926
                      (516) 357-3000

4101654 v1

---

[6] At the time the Motion was filed, it was not clear that the Debtor's building was, in fact, already party to an *in rem* foreclosure proceeding.